IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIBERTY CLO HOLDCO, LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:25-cv-477 |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Liberty CLO Holdco, Ltd. ("Liberty") files this Original Complaint against Defendant Highland Capital Management Services, Inc. ("Highland Services") and states as follows:

## SUMMARY OF COMPLAINT

1. James Dondero directed employees of NexPoint Advisors and Skyview to pay money owed to Liberty to one of his friends (who was building a vault for Mr. Dondero's gun collection) instead. In so doing, Highland Services defaulted on a ~$1 million debt under a promissory note owed to Liberty. Liberty files suit to recover the outstanding amount owed by Highland Services under the promissory note, plus its attorneys' fees and expenses.

## PARTIES, JURISDICTION, AND VENUE

2. Liberty is an exempted company organized under the laws of the Cayman Islands with its principal place of business located at Floor 4, Willow House, Cricket Square, Grand Cayman KY KY-9010 KY, and it is a foreign citizen for purposes of diversity jurisdiction.[1]

---

[1] *See Butler v. ENSCO Intercontinental GmbH*, No. CV H-16-578, 2017 WL 496073, at *1 n.1 (S.D. Tex. Feb. 7, 2017) (stating a Cayman Islands entity was a foreign citizen for purposes of diversity).

3. Highland Services is incorporated under the laws of the state of Delaware with its principal place of business located at 300 Cresent Court, Suite 700, Dallas, Texas 75201, and is thus a citizen of both Delaware and Texas for purposes of diversity jurisdiction. Highland Services is registered to do business in the state of Texas and can be served with process upon its registered agent CT Corporation System, located at 1999 Bryan St., Ste. 900, Dallas TX 75201-3136.

4. This Court has subject-matter jurisdiction over this civil action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. This Court has personal jurisdiction over Highland Services. In the promissory note at issue, Highland Services submitted to the jurisdiction of the courts of the State of Texas sitting in Dallas, Texas and of the United States District Court of the Northern District of Texas. Exhibit 1, Promissory Note § 10. Moreover, not only is Highland Services a Texas citizen, Highland Services conducts business in the Northern District of Texas, including the acts outlined in this Complaint, and purposefully availed itself of the privileges and benefits of conducting business in Texas, because the promissory note at issue in this case was performable in Texas, and Liberty's claims therefore arise out of Highland Capital's contacts with Texas.

4. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Liberty's claims occurred in this judicial district. Moreover, in the promissory note at issue, Highland Services waived any objection to this District being the venue for any dispute arising out of or relating to the note. Promissory Note § 10.

## FACTUAL BACKGROUND

5. On or about May 4, 2016, Highland Capital, as debtor, executed a promissory note in favor of Liberty, as creditor, in the amount of $3,006,776 (the "Promissory Note"). A true and

correct copy of the Promissory Note is attached as **Exhibit 1**. Highland Services agreed to pay the Promissory Note in quarterly payments of principal and interest beginning on June 20, 2016 and continuing until the Promissory Note was repaid. Promissory Note § 2.

6. An Event of Default under the Promissory Note includes Highland Capital's failure to pay any principal or interest due under the Promissory Note. *Id.* at § 7. The Promissory Note provides for the acceleration of all indebtedness upon an Event of Default and waives any obligation of presentment or notice of any kind. *Id.*

7. Highland Services failed to make a payment of quarterly principal and interest due in the fourth quarter of 2024.

8. Liberty thereafter contacted employees of NexPoint Advisors, LP ("NexPoint") and Skyview Group, Inc. ("Skyview"), both of which are under the ultimate control of James Dondero. NexPoint and Skyview advised Liberty that James Dondero instructed them to make payment on the Promissory Note not to Liberty, but instead to Patrick Willoughby-McCabe, a personal friend of James Dondero. At someone's direction (James Dondero, NexPoint, or Skyview), and in furtherance of James Dondero's effort to have someone pay his expenses (other than himself), Patrick Willoughby-McCabe's company issued an invoice to Liberty for constructing a vault and moving James Dondero's gun collection. Liberty never contracted with James Dondero's friend, Patrick Willoughby-McCabe, or received anything of value—goods or services—from Patrick Willoughby-McCabe.

9. On February 4, 2025, in an effort to obtain repayment in a collaborative manner and to avoid the need for Court intervention (though it was not obligated to do so under Section 7 of the Promissory Note), Liberty provided a notice letter to Highland Services, demanding that Highland Services make payment of the entire amount of accelerated indebtedness by February

18, 2024. A true and correct copy of the letter is attached as **Exhibit 2**.

10. As of February 3, 2025, Highland Services owes **$1,334,980.74** on the Promissory Note, plus interest, attorneys' fees, and other expenses provided for in the Promissory Note. Promissory Note § 2. To date, Highland Services has not paid the entire amount due under the Promissory Note.

## Cause of Action

11. Each cause of action and theory of recovery below incorporates all of the allegations outlined above as if fully set forth therein.

12. All conditions precedent have been performed, waived, or have occurred.

### Count One: Breach of Contract

13. The Promissory Note is a valid and enforceable contract.

14. Liberty is the holder of the Promissory Note, and Highland Services is obligated to make quarterly payments of principal plus interest. Promissory Note, § 2.

15. Highland Services failed to make the quarterly payment of principal and interest due in the fourth quarter of 2024.

16. On or about February 4, 2025, Liberty declared the entire unpaid balance of the Promissory Note to be immediately due and payable, in accordance with section 7 of the Promissory Note, and made a demand to Highland Services for payment of the entire amount of accelerated indebtedness by February 18, 2025.

17. Highland Services failed to pay the indebtedness owed under the Promissory Note by February 18, 2025.

18. As of February 3, 2025, Highland Services owes Liberty **$1,334,980.74** on the Promissory Note.

19. As a result of Highland Capital's failure to pay Liberty, Liberty has suffered injury, and will continue to suffer injury, including direct and consequential damages.

20. Pursuant to (1) Chapter 38 of the Texas Civil Practice and Remedies Code and (2) the terms of the Promissory Note, Liberty is entitled to recover its reasonable and necessary attorney's fees and costs incurred in connection with this claim.

## PRAYER

Plaintiff Liberty CLO Holdco, Ltd. respectfully requests that Defendant Highland Services Management Services, Inc. be cited to appear and answer herein, and requests that the Court award final judgment against Highland Services for Liberty for all of Liberty's actual damages, economic damages, and consequential damages, costs of court, prejudgment and post-judgment interest, attorneys' fees, and all other relief to which Liberty is justly entitled.

Dated: February 25, 2025.

Respectfully submitted,

By: */s/ Brian P. Shaw*

Brian P. Shaw
Texas Bar No. 24053473
bshaw@ccsb.com
Monica Gaudioso
Texas Bar No. 24084570
mgaudioso@ccbs.com
Abbie Blaker
Texas Bar No. 24131268
ablaker@ccsb.com
CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: 214/855-3000
Facsimile: 214/855-1333

**ATTORNEYS FOR PLAINTIFF LIBERTY CLO HOLDCO, LTD.**