IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LIBERTY CLO HOLDCO LTD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-477-L** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the court is Plaintiff Liberty CLO Holdco, Ltd.'s ("Plaintiff" or "Liberty") Motion for Partial Summary Judgment (Doc. 27). For the reasons that follow, the court **denies** Plaintiff's Motion for Summary Judgment (Doc. 27).

Liberty moves for summary judgment on: (1) its "claim for default on a promissory note" by Defendant Highland Capital Management Services, Inc. ("Defendant" or Highland"); and (2) all of Highland's affirmative defenses of payment, ratification, waiver, and estoppel. With respect to its "claim for default on a promissory note," Liberty contends that the "Note" at issue qualifies as a "negotiable instrument" under Chapter 3 of the Texas Business & Commerce Code ("UCC"), such that it is governed by Texas's UCC rather than Texas common law. Doc. 28 at 23 (citing Tex. Bus. Com. Code Ann. § 3.104(a), (e)). Highland counters that Liberty did not plead that the Note is a negotiable instrument and never previously took the position in this case that the Note is an negotiable instrument. Highland also contends that the Note is not a negotiable instrument. Highland, therefore, contends that Liberty's cause of action for breach of the Note is governed by Texas common law, not Chapter 3 of the UCC, and, in any event, fails because it made the disputed payment on the Note.

As Highland correctly notes, Liberty did not allege in its Complaint that the Note is a negotiable instrument. Whether the Note is a negotiable instrument is an important distinction because it affects whether the Note is governed by Texas's UCC rather than Texas common law and has other potential consequences. *See Priority Inv. Loans, LLC v. Shull*, No. H-25-2604, 2026 WL 370095, at *4 (S.D. Tex. Feb. 10, 2026) (dismissing claim to recover losses related to a negotiable instrument (a check) as preempted by the UCC because the plaintiff's claim was based on allegations of transactions governed by the UCC but was not pleaded as a UCC claim, and "the UCC preempts common law causes of action that supplant the provisions of the UCC in a suit to recover losses involving negotiable instruments") (quoting *AMX Enters., Inc. v. Bank One, N.A.*, 196 S.W.3d 202, 207 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)).

While Liberty argues that it is entitled to judgment as a matter of law under either the UCC *or* Texas common law, this legal argument was raised for the first time in its reply brief in an attempt to reframe its contractual interpretation and breach arguments. Moreover, Plaintiff continues to rely on the UCC in its reply brief in arguing that the term "order" as used in the Note means that payment must be made to Liberty. *See* Doc. 33 at 7. The court, therefore, **declines** to consider this argument in ruling on its Motion for Summary Judgment[*] and **denies** Plaintiff's Motion for Summary Judgment on its "claim for default on a promissory note."

The court also determines that genuine disputes of material fact exist regarding Highland's affirmative defenses of payment, ratification, waiver, and estoppel, as all of these defenses turn on related issues concerning contractual interpretation and whether Highland breached or defaulted under the Note. Accordingly, Plaintiff's Motion for Summary Judgment on Defendant's affirmative defenses is **denied**.

---

[*] *See Perez v. Bruister*, 823 F.3d 250, 273 n.31 (5th Cir. 2016) (declining to consider reframed argument raised for the first time in a reply brief and citing *Wright v. Excel Paralubes*, 807 F.3d 730, 736 (5th Cir. 2015)).

By **October 16, 2026**, the parties shall confer and jointly file/notify the court in writing of **three separate months in 2027 (after February 2027)** in which both parties, their witnesses, and counsel are all available to try this case. After receiving the parties' submission, the court will enter an amended scheduling order that resets the trial of this case, the pretrial conference, and the parties' pretrial deadlines based on its availability and docket. The court always tries to accommodate the parties' schedules but sometimes is unable to do so because criminal trials necessarily take precedence over civil trials.

**It is so ordered** this 24th day of September, 2026.

Sam A. Lindsay
United States District Judge